RUFUS GILL V. THE STATE.

No. 23154. Delivered June 28, 1945.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder in which the death sentence was imposed.

The facts of the case are much the same as the statement given in a former appeal of this case. (See Gill v. State, 181 S. W. (2d) 276.) So far as new questions are raised, additional statements will be made herein.

In the former opinion it was held error for the court to give a charge on the subject of provoking the difficulty. We see no material difference in the evidence in the record before us and that in the former appeal. The former opinion is the law of the case. For the reasons heretofore given, the judgment will be reversed and the cause remanded.

We further call the court's attention to the former opinion with reference to Art. 1223 of the Penal Code, which appears to have been overlooked by him on the second trial. If the evidence should be the same, or have a similar effect, this court will certainly adhere to its holding that the duty rests with the trial court to give a charge on the law of presumption arising by reason of the use of a deadly weapon by the deceased.

A large portion of the record in the appeal now before us relates to the summoning of a special venire. In all probability this question will not arise upon another trial. However, we call attention to Kincheloe v. State, 175 S. W. (2d) 593, as the most recent opinion by this court discussing the questions involved.

One other question may arise upon another trial and for that reason should be considered at this time. In the former opinion we find a full discussion of the appellant's right to examine the witness Ira Bradford, as to his credibility as a witness. It was held in that opinion that the appellant was denied the right

to cross-examine the witness who had testified against him. He gave very positive and damaging evidence. Since that time the witness has moved to the State of California. We think the facts shown would entitle the State to reproduce his evidence on the former trial. However, that right applies only to the admissible evidence. (Sweat v. State, 178 S. W. 554.) Nor can evidence otherwise admissible be introduced under conditions which will defeat the rights of the accused under the Constitution. The right to introduce testimony taken at a· former trial must be based upon the theory that the accused has been confronted by the witness against him, and had the opportunity to cross-examine him in all matters to which the law would entitle him. In our view, to sustain the record as it is now before us would be directly in conflict with the Constitution. (See Vernon's Ann. Const. Art. 1, Sec. 10, n. 10.) The record in this appeal, as in the former, shows that the court denied him the right to make such examination and this ruling follows the reproduced evidence into the instant case with the same force and effect found in the former record.

For the errors pointed out, the judgment of the trial court is reversed and the cause is remanded.