HENRY GRADY SHARP v. THE STATE.

No. 23439. Delivered November 27, 1946.
Rehearing Denied February 5, 1947.

C. O. McMillan, of Stephenville, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was tried in the County Court of Comanche

County on a charge of driving an automobile on a public highway while intoxicated and assessed a fine of Fifty Dollars.

At a former day of this court the judgment in this cause was reversed and the prosecution ordered dismissed. No motion has been filed by the State for rehearing. Upon further consideration, however, we have concluded that the case should not be dismissed. See King v. State, 174 S. W. (2d) 266. The opinion of October 30th is hereby withdrawn and the clerk is directed to withdraw the mandate. The following will be entered as the opinion of the court.

Three bills of exception bring forward objections filed to the court's charge, in each of which instance the special requested charge was tendered. The first bill raises the question as to whether or not the court charged the jury to acquit the defendant if they had a reasonable doubt as to whether or not he did drive a motor vehicle upon a public highway in Comanche County, as alleged. We quote from the first section of the charge, as follows:

"In all criminal cases the burden of proof is upon the State. The defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt. If you have a reasonable doubt as to the guilt of the defendant, you will give him the benefit of such doubt and acquit him and say by your verdict 'not guilty'."

Again, in Bill of Exception No. 2, the court was requested to charge the jury that if they should find and believe beyond a reasonable doubt that the defendant did drive a motor vehicle on the public highway, as alleged, "and yet you have a reasonable doubt as to whether or not he was there intoxicated and under the influence of intoxicating liquor that you will find the defendant not guilty."

By Bill No. 3, in a similarly worded charge, the court was requested to instruct the jury that even though they found he was intoxicated, or under the influence of intoxicating liquor, and was in his automobile in the town of DeLeon,, "and yet you have a reasonable doubt as to whether the defendant did drive his automobile at such time and place and on a public highway in Comanche County, Texas, then you will find the defendant not guilty."

The State's evidence in this case is positive and undenied

that appellant drove his car on a highway, as alleged. It is also to the effect that he was intoxicated at the time he did so. The defense produced one witness who testified positively that he was not under the influence of intoxicating liquor something like an hour to an hour and a half previous to the time he was arrested. Others expressed doubt about his being intoxicated at the time he was arrested, but there is no issue on the question of his being in his car and driving it on the public street in DeLeon as alleged.

We think that the hereinabove quoted paragraph of the court's charge sufficiently meets Bills of Exception Numbers 1 and 2. There is no issue calling for the charge requested in Bill Number 3. The evidence was ample to sustain the jury's findings.

The judgment of the county court is accordingly affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We did not intend to hold that the instruction upon the presumption of innocence and reasonable doubt rendered unnecessary an instruction submitting an affirmative defense when raised by the evidence. What we held was that, under the facts presented, the testimony showing appellant's non-intoxication at the time he was alleged to have operated the automobile was nothing more nor less than a denial of guilt, and was not an affirmative defense.

Such being the issue, no affirmative defense was raised. The instruction to the jury to acquit him if they entertained a reasonable doubt as to the guilt of appellant was sufficient to protect his rights.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.