# P. C. PORTER V. STATE.

No. 24591. March 15, 1950.
Rehearing Denied April 26, 1950.

*B. F. Edwards,* and *Austin Guest,* Clarksville, and *O. B. Fisher,* Paris, for appellant.

*Robert Gooding,* County Attorney, Clarksville, and *George P. Blackburn,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

While not a companion case in a strict sense, this case grows out of the same transaction as that of Porter v. State, 152 Texas Crim. Rep. 540, 215 S. W. 2d 889, wherein appellant's conviction for the murder of Willie Lee Stearman was reversed by this court. In the instant case the conviction is for the murder of W. J. Stearman, with punishment fixed at life imprisonment in the penitentiary.

The facts in the two cases are, in all material aspects, the same. We refer to the former opinion for a statement of the facts. (152 Texas Crim. Rep. 540.)

Appellant insists that the charge upon provoking the difficulty was not warranted, under the facts, and that the charge, as given, was erroneous.

Each of these contentions was expressly overruled in the former opinion, which thereby became, as to those questions, the law of the case, and will be overruled only when clearly wrong and harmful. 4 Tex. Jur., Sec. 378, p. 533.

In view of appellant's insistence that he was not afforded the opportunity of challenging our former conclusion upon those questions inasmuch as the case was reversed for other reasons, we have again examined the record and remain convinced that the facts warranted the trial court in submitting to the jury the law of provoking the difficulty and that the charge was not erroneous.

Upon cross-examination of the appellant, he was asked if he had not been convicted in 1940 in the superior court of Wayne County, North Carolina, of a felony, to which question he replied that he did not know. He was then asked if he was not convicted of an offense in 1940 in the superior court of Wayne County, North Carolina, for which he went to the state prison of North Carolina.

Appellant's objection to the last question was sustained.

It appears that the state, in view of the appellant's answer that he did not know whether he had been convicted of a felony, endeavored to prove by certified copies of documents and certificate from the state of North Carolina that he had been so convicted.

To the introduction of these, appellant vigorously objected, and he brings forward several bills of exception complaining thereof.

These bills of exception are all qualified by the trial court to show that the documents were not offered in evidence before the jury and that no objection or exception was ever made to the documents or to anything contained therein. The statement of facts, also, reflects that the documents were not received in evidence. Obviously, as qualified, the bills of exception fail to reflect error.

It is true that to each of the bills of exception relating to the matter just discussed, appellant's counsel noted thereon an exception to the trial court's qualifications. This exception, however, does not appear to have been called to the attention of or recognized by the trial court. An exception to a trial court's qualification to a bill of exception, in order to be effective, must be above the judge's signature or must otherwise reflect that he was made acquainted with the fact that an exception was being reserved to the qualification. Barnett v. State, 119 Tex. Cr. 594, 43 S. W. 2d 449.

Antecedent, and not too remote, threats on the part of the accused towards the deceased are ordinarily admissible upon the issue of malice. Branch's P. C., Sec. 2072.

Under the rule stated, we see no error in permitting the state to prove that appellant, in referring to the deceased, said in the spring of 1947 before the killing in October, 1947, that "he would have to kill the damned old s- o- b- to get rid of him . . . ."

In view of the fact that appellant claimed to have fired in self-defense against the joint and several attack of the deceased and Willie Lee Stearman, the state was authorized to prove that Willie Lee Stearman's right hand was crippled, that he could not use the fingers on that hand, and that he was right-handed.

Other bills of exception have been examined and are over-ruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Having refused appellant's Bill of Exception No. 53, and appellant having excepted to the court's qualification of his Bills Nos. 8 and 10, all relating to the same matter, the trial court filed his own Bill of Exception No. 1 with respect thereto.

And appellant having excepted to the qualification of his Bill of Exception No. 11, the trial court filed his own Bill of Exception No. 2 relating to such matter.

Therefore, insofar as these bills are concerned, we were in error in our statement in the original opinion that appellant's exceptions to the qualification of each of his bills of exception "does not appear to have been called to the attention of or recognized by the trial court."

However, appellant not having resorted to bystanders' bills, the trial court's bills of exception are entitled to consideration by this court, and not appellant's bills which they supercede. See 4 Tex. Jur. 264, Sec. 189.

These bills as well as other bills of exception approved by the trial court relate to the effort of the state to prove a prior felony conviction against appellant in the State of North Carolina in the year 1940, and we think fail to show error.

As a result of appellant's objections, such testimony as was heard by the jury in regard to a former conviction of appellant was withdrawn by the court, and the state was not permitted to show a prior conviction of a felony against appellant, proof ordinarily admissible as affecting the credibility of the accused as a witness in his own behalf.

The voluminous record in this appeal has been examined and analyzed in the light of appellant's motion for rehearing. The transcript consists of 248 pages and contains some 55 bills of exception. The statement of facts, containing more than 400

pages, is replete with matters that should not have been included therein. We refer to questions asked, objections made, the court's rulings sustaining or overruling the objections, remarks of the court and of counsel, motions to exclude testimony, the court's rulings, and appellant's exceptions to such rulings.

Any question raised as to such procedural matters is required to be presented on appeal by proper bills of exception, and their inclusion in the statement of facts serves no useful purpose.

On the other hand, such matters appearing in the narrative statement of facts greatly hamper this court in our effort to glean from the record the facts shown by the evidence admitted in the trial of the case.

The law does not permit this court to resort to the narrative statement of facts to determine what evidence was rejected, or the basis of its rejection. For these matters, we look to the bills of exception.

Appellant's contentions we have again considered, and remain convinced that no reversible error is shown.

Believing that the appeal has been properly disposed of, appellant's motion for rehearing is overruled.

Opinion approved by the court.