DEWEY HIX KIMBRO V. STATE.

No. 25,857. June 18, 1952.

Hon. Carl Peek, Judge Presiding.

*William C. McDonald,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00.

The arresting officer testified that his attention was directed to appellant's automobile as the same passed through town at a high rate of speed; that he gave chase and finally brought appellant to a stop; that he smelled the odor of alcohol on appellant, but that since he was alone he instructed appellant to follow him back into town. The officer testified, further, that, instead of complying with his instructions, appellant started his automobile and continued on his journey; that he gave chase but was outdistanced and finally gave up and returned to town. He testified that, shortly thereafter, appellant came back through town headed in another direction; that he secured assistance, re-instituted the chase and succeeded in bringing appellant to a halt and had a full opportunity to observe that appellant was intoxicated. Other witnesses corroborated the officer's testimony as to appellant's state of intoxication.

Appellant, testifying in his own behalf, denied that he had drunk anything prior to his second apprehension by the officer but stated that, after he was halted and while the officer was looking in the automobile, he had drunk a half pint of whiskey, which resulted in his state of intoxication when observed by witnesses who saw him later. This constituted a denial of the charge that he had driven his automobile while intoxicated.

The jury found against appellant's contention, and we find the evidence sufficient to support their verdict.

Bill of Exception No. 1 complains of the overruling of his motion to quash the information on the grounds that the "term" at which the information was presented was not shown.

The information reads, in part, as follows: "I, John M. Harrod, County Attorney of Concho County in said State, at the present Term, A. D. 1951 * * *." The same was filed on December 15, 1951. The order of the commissioner's court, fixing the terms of the county court, is a matter of public record of which the trial court could take judicial knowledge.

We find no error reflected by the bill.

Bill of exception No. 2 complains of the court's failure to give the following requested charge:

"You are further instructed that if you find and beleive from the evidence that the defendant was intoxicated as that term has herein before been defined to you, but that such intoxication resulted from whiskey consumed after his arrest and you further find and beleive from the evidence that the defendant was not intoxicated before his arrest, or if you have a reasonable doubt, you will acquit the defendant and so say by your verdict."

Appellant contends that appellant's testimony that he drank the whole half pint of whiskey at one drink after being arrested constituted an affirmative defense to the offense charged. With this contention, we are not in accord. We think, rather, that such testimony constituted a denial of the truth of the charge that he drove while intoxicated. If this be true, then it is not an affirmative defense. In Carter v. 8th Ward Bank, 67 N.Y.S. 300, an affirmative defense was defined, in part, as meaning a new matter, *assuming the complaint to be true,* which constitutes a defense to it. That is, an affirmative defense is analagous to a plea of confession and avoidance.

Bill of Exception No. 3 complains of the definition of "intoxication" given by the court in his charge. We have long held that a definition of the term need not be given but that it does not constitute error to do so. The definition as given was:

"A person is deemed intoxicated within the meaning of the law defining the offense charged against the defendant, when such person does not have the normal use of his physical and mental faculties by reason of the use of intoxicating liquor."

We see no purpose in requiring the insertion of the word "immediate" before "use" as requested by appellant.

Bill of Exception No. 4 complains of the failure to charge on circumstantial evidence.

We think the testimony of the officer as to smelling alcohol on appellant on the first occasion he was halted takes the case

out of the realm of circumstantial evidence irrespective of appellant's testimony.

Finding no reversible error, the judgment of the trial court is affirmed.