FOSTER GILMORE V. STATE.

No. 26,282. March 25, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 13, 1953.

Tom R. Mears, Gatesville, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of the offense of unlawfully operating a motor vehicle upon a public highway while intoxicated and assessed a fine of $100.

Witnesses for the state testified that they saw appellant operating his car upon a public highway in Coryell County, Texas, on November 24, 1952; that after a signal the appellant stopped his car; that they talked to him and observed his actions and speech; that they smelled alcohol on his breath; that in their opinion he was intoxicated; and that a small quantity of whiskey was found in his car.

Appellant's testimony was that he went from Gatesville to Hamilton; that about 1:30 or 2:00 P.M. he took a drink of whiskey—"Well, I took a couple of small swallows" in Hamilton; that this was all the whiskey he drank that day; that he and Roy Scruggs arrived back in Gatesville about 6 P.M.; that he hit something with his car on the street in Gatesville; then someone stopped him.

Appellant further testified that he had spells of being sick and was sick that day; that he had had a stroke and staggered when he walked; that "my driving was caused from being sick and not from being drunk."

Appellant contends that the trial court erred in refusing to give the following special charge to the jury which was tendered and exception reserved to such refusal:

"You are instructed that should you find from the evidence, or have a reasonable doubt thereof, that the defendant William Foster Gilmore had in fact taken a drink of intoxicating liquor previous to the time of the operation of his car upon a "public highway as charged by the information, if he did so operate said automobile, was not under the influence of intoxicating liquor as defined by Main Charge, you will acquit the defendant and say by your verdict 'Not Guilty.' "

This requested special instruction presents to the jury no independent fact by reason of which, if true, the accused should be acquitted. It presents nothing more than the issue of "not guilty" which was adequately presented in the court's main charge. It presented no affirmative defense. The trial court's charge on the burden of proof and presumption of innocence, together with the application of the law to the facts, adequately protected appellant's rights.

In Sharp v. State, 150 Tex. Cr. R. 169, 199 S.W. 2d 159, in considering a similar requested charge, this court held that

it "was nothing more or less than a denial of guilt, and was not an affirmative defense."

The judgment of the trial court is affirmed.

Opinion approved by the court.