## Mary Louise Solis Roescher v. State

No. 27,747. November 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 4, 1956

*Roy A. Scott* and *Walter E. Chastian,* by *Roy A. Scott,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 30 days in jail and a fine of $50.

The sufficiency of the evidence to sustain the conviction is not challenged, but admitted, in appellant's brief which presents two claims for reversal.

There appears in the transcript a photostat of what purports to be two verdicts returned in this case, one of which is a verdict of not guilty which appears to have been crossed off and initialed "HSY." Judge Horace S. Young presided at the trial, and it is stated in the brief that the trial judge attempted to cross out the verdict of not guilty and that he initialed the marks.

There is nothing in the record otherwise to question the

verdict received by the court and entered of record which found appellant guilty and assessed a 30-day jail term and a $50 fine, the question being raised for the first time in this court, and appellant relying alone on the photostat mentioned without a bill of exception.

We are not at liberty to construe the verdicts shown in the photostat, and hold that no burden was cast upon the state because of the inclusion of the photostat in the transcript. The verdict received by the court and entered of record in the judgment before us stands unimpeached.

The remaining ground for reversal is the refusal of appellant's special requested charges, which direct attention to the omission of an affirmative presentation of appellant's defensive theory based upon her own testimony.

She testified that she was sick and was not intoxicated to any degree prior to or at the time of her arrest, and had consumed only a half bottle of beer. She attributed her driving into another car to the fact that the passenger, whose car she was driving at the time and who was intoxicated, grabbed the steering wheel.

The court gave the usual charge, wherein the jury was instructed that if they found and believed from the evidence beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor, and while so under the influence of intoxicating liquor, if she was, drove an automobile upon a public highway within the county, to return a verdict of guilty.

Also the jury was instructed as to the burden of proof and the presumption of innocence, and was told in this connection to acquit in the event they had a reasonable doubt as to her guilt.

Appellant urges that such charge was not sufficient to protect her rights, and that the jury should have been further instructed to the effect that if they believed or had a reasonable doubt that the defendant was ill or sick and was not intoxicated to any degree they should acquit.

The following cases support the state's contention that the refusal of the requested charges was not error. Humphrey v. State, 159 Texas Cr. R. 396, 264 S.W. 2d 432; Gilmore v. State, 158 Texas Cr. R. 534, 257 S.W. 2d 300; Sharp v. State, 150 Texas Cr. R. 169, 199 S.W. 2d 159.

In Humphrey v. State, 159 Texas Cr. R. 396, 264 S.W. 2d 432, we pointed out that the charge which appellant requested constituted a defense only in connection with the jury's having a reasonable doubt as to whether appellant was under the influence of intoxicating liquor and that no independent fact or condition was shown which, if true, would have entitled appellant to an acquittal.

The judgment is affirmed.