KELLIS GENE KIRKLAND V. STATE

No. 27,792. December 7, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 25, 1956

*Justice & Justice,* by *Wm. Wayne Justice,* Athens, for appellant.

*Wayne Pearson,* County Attorney, Kaufman, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for negligent homicide in the second degree; punishment, a fine of $1000.

The unlawful act relied upon was the violation of Art. 6701d (55) V.C.S., in passing a motor vehicle traveling in the same direction on the right side, by driving off the pavement or main traveled portion of the highway.

The statute provides "The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. *In no event* shall such movement be made by driving off the pavement or main-traveled portion of the roadway."

As we understand the record appellant, while driving his automobile on a highway, overtook a pickup truck pulling a fertilizer distributor, passed the pickup on the right by driving off the pavement and onto the graveled shoulder; cut across in front of the pickup, crossing the center line, and collided with an automobile traveling the highway in the opposite direction. The collision resulted in death to the driver of that car.

There is testimony that appellant's car skidded and went across the highway in front of the pickup and that it "started swaying and getting out of control" when appellant attempted to stop on the gravel shoulder.

There is also testimony to the effect that appellant did not

intend to pass the pickup and then get back on the highway "but rather intended to stop and see if his motor had a vapor lock."

There are three bills of exception, all relating to the court's charge.

First it is contended that the conviction should be set aside because the trial court instructed the jury to acquit if they had a reasonable doubt that Smith's death was the result of an unavoidable accident, which was defined to be an accident that occurs without negligence on the part of the defendant "or anyone connected with such event."

It is quite true that the negligence or absence of negligence of no person other than the accused (or one with whom he acts as a principal) is material in a prosecution for negligent homicide. It was not necessary, therefore, for the court to use and define the term "unavoidable accident."

Under the provisions of Art. 666 V.A.C.C.P., the error in the definition does not, however, call for reversal for the reason that there is no evidence that any person connected with the event was guilty of ngligence, save and except the defendant, and the jury was instructed that in order to convict they must find that the defendant negligently drove his automobile into that driven by Smith and caused his death.

The second attack upon the charge is that it failed to submit in an affirmative manner appellant's defense that he did not intend to pass the pickup truck on the right.

As we view the evidence, the contention of appellant was that he intended to stop and did not intend to get back on the highway after he passed the pickup.

Unless appellant's testimony would constitute a defense to the misdemeanor traffic offense of overtaking and passing to the right of another vehicle traveling in the same direction, defined by Art. 6701d(55) V.C.S., it would constitute no defense here.

Let us assume that appellant intended to stop on the shoulder, but because of the negligent manner in which he operated his car, he passed the vehicle he was overtaking and swerved back onto the highway in front of it. Would such negligence be a defense to the traffic violation charge? We think not.

It follows, we hold, that the trial court properly declined to submit appellant's intention not to pass the pickup on the right and not to regain the paved portion of the highway as a defense.

The third point in appellant's brief is that the trial court erred in failing to present to the jury, by an affirmative charge, appellant's theory of defense with reference to apparent danger.

This theory is predicated upon appellant's testimony to the effect that it appeared to him when he pulled off the road that "it was a safe passage" otherwise he "would not have done it."

The charge given required the jury to find beyond a reasonable doubt that there was an apparent danger of causing the death of the deceased, and that such danger would have been known to appellant had he used ordinary care.

Apparent danger is an element of the offense of negligent homicide. Art 1232 V.A.P.C.; Johnson v. State, 156 Tex. Cr. R. 23, 238 S. W. 2d 766.

This court has recently had occasion to pass upon the propriety of an affirmative submission of a defensive issue which merely denies the existence of an essential element of the state's case. See Mayes v. State, No. 27658, (page 169 this volume), 282 S. W. 2d 709; Humphrey v. State, 159 Tex. Cr. R. 396; 264 S. W. 2d 432; Gilmore v. State, 158 Tex. Cr. R. 534, 257 S. W. 2d 300; Sharp v. State, 70 Tex. Cr. R. 150, 199 S. W. 2d 159.

Under these authorities, the court did not err in failing to affirmatively submit the lack of apparent danger.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.