No. 28,673. January 2, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 20, 1957.

M. H. Barton and E. C. Wellborn, Henderson, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, ten days in jail and a fine of $100.00.

Officer Brannon of the city of Carthage police department testified that, in response to a call, he overtook a certain automobile driving "straddle of the center stripe" of the highway; that when the automobile came to a halt he engaged the appellant, who was the driver, in conversation and noticed that his breath smelled of alcohol, that his speech was incoherent, and expressed the opinion that he was intoxicated. He stated that after he carried the appellant to the courthouse he looked in the trunk of his automobile and found a beer case containing four cans of beer and some ice.

Deputy Sheriff Cassiday testified that he saw the appellant when he arrived at the sheriff's office with Brannon and noticed that he staggered, heard him talk a lot but "the talk did not seem to go together," smelled alcohol on his breath, and expressed the opinion that he was intoxicated.

Highway Patrolman Durrough testified that he saw the appellant at the sheriff's office on the afternoon in question and noticed that he walked unsteadily, spoke with a thick tongue, detected the odor of alcohol on his breath, and expressed the opinion that he was intoxicated. His testimony was corroborated by Highway Patrolman Cooper.

The appellant, testifying in his own behalf, stated that he had worked for two days with almost no sleep, had drunk one can of beer early that morning, was carrying the beer in the case to a fellow worker in Louisiana, and denied that he was intoxicated at the time of his arrest.

He also called the witness Lucky, who testified that he had been with the appellant for more than two hours prior to his arrest, had not observed him drink anything, and denied that the appellant was intoxicated.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the verdict.

We shall discuss the bills of exception advanced in the appellant's brief in their serial order.

Bills of Exception No. 1 complains of the court's failure to grant his requested charge that told the jury that, even if they found the appellant operated his automobile while intoxicated, but if they found that the manner of driving was caused by lack of sleep or exhaustion, they should find him not guilty.

In Gilmore v. State, 158 Texas Cr. Rep. 534, 257 S.W. 2d 300, where the accused testified that his "driving was caused from being sick and not from being drunk," we held that a comparable charge was not required to be given.

See also Humphrey v. State, 159 Texas Cr. Rep. 396, 264 S.W. 2d 432; Roescher v. State, 162 Tex. Cr. Rep. 335, 284 S.W. 2d 908; and McDonald v. State, 163 Texas Cr. Rep. 244, 289 S.W. 2d 939.

Appellant attempted to except to the court's qualification of the bill, but the exception does not appear above the court's signature, and therefore does not affect the qualification. Porter v. State, 154 Texas Cr. Rep. 540, 229 S.W. 2d 68.

Bills of Exception Nos. 2 and 3 relate to argument. The court's qualification and the record reveal that the prosecutor was clearly within the record, and therefore no error is reflected.

Bill of Exception No. 4 relates to the following argument:

"You can try these cases until you are old and gray and any one can come in here and plead not guilty, he never has drunk more than one can of beer, or two cans of beer."

Appellant contends that this was tantamount to telling the jury that others accused of driving while intoxicated would only admit having drunk one or two bottles of beer and was thus out of the record. The appellant objected to the argument but failed to move the court to instruct the jury not to consider the same. The court responded to the objection by instructing the jury to "consider only the evidence from the witness stand," which we have concluded was tantamount to telling them to disregard the argument. If the jury construed the argument as the appellant does in his brief, it was not such as would call for a reversal where it had been withdrawn from the jury's consideration. In Long v. State, 152 Texas Cr. Rep. 210, 212 S.W. 2d 149, we held that reversible error was not reflected by argument which told the jury:

"Every man that was ever tried in this court charged with driving a car while drunk has said that he was sick."

Bill of Exception No. 5 complains that the jury verdict was insufficient to support the judgment. The verdict read, "We, the jury, find the defendant guilty and assess his punishment at one hundred dollars and ten days in jail."

In Sillemon v. State, 160 Texas Cr. Rep. 350, 269 S.W. 2d 382, the following verdict was held sufficient, "We, the jury, find the defendant guilty and recommend a five hundred dollar fine and sixty days in jail," and is here controlling.

Bills of Exception Nos. 6, 7, 8 and 12 relate to the following argument:

"I never said he drank two cans of beer. I think he drank a half dozen cans."

"One can of beer would not make a man as drunk as the officers say the defendant was. It would take several cans, it takes more than one, two or a half dozen cans."

"I think it is common knowledge that when a man is as drunk as they say he was, he drank more than one can of beer."

"And he did not finish that case of beer that had been in that car."

The appellant explained the four cans of iced beer found in a case in his automobile by saying that he was carrying them to a friend. We have concluded that the prosecutor was authorized to argue conversely that in his opinion, from the appellant's state of intoxication, he had personally drunk all the missing cans.

Bill of Exception No. 9 complains of the following argument:

"If you had to wait until they confess, you would never stick one of them and they would run up and down the road until half the people in the county are run over. He needs punishment that will make your highways safe for people to drive on. He has violated that privilege of driving by being a threat to the lives of every man and woman * * * He did not choose any noon day to do it, but he comes here on the Sabbath day and the officers' testimony is that he was seen by more than one of them."

The bill reflects an objection but does not reflect the ruling of the court or any motion to instruct the jury to disregard the argument.

In Brown v. State, 159 Texas Cr. Rep. 306, 263 S.W. 2d 261, we held reversible error not reflected by argument of the prosecutor when he said:

"Gentlemen, can you imagine how much crime will result from a combination of this much Marijuana and the pistol which this defendant had when he was arrested?"

In that case, we said:

"No new fact was injected by this argument, and the deduction of the prosecutor impresses us as being logical."

Bill of Exception No. 10 recites that the prosecutor in his argument said:

" 'Now they (the officers) took him (Defendant) out and gave him a blood test'—and then turning to the defendant said, 'Now I will ask you why you did not bring that in.' "

The court qualified the bill, in part, as follows:

"I further certify that testimony concerning the blood test was not brought out by the State, that such testimony was brought out by Defendant in cross examination wherein it was testified that Defendant, at his request, was given a blood test at Panola General Hospital. Subsequent thereto the State introduced testimony wherein it was stated the Department of Public Safety had ceased sending experts out for the purpose of testifying in misdemeanor cases. This was brought out without objection to the Defendant. I further certify that the hereinabove quoted argument was made subsequent to argument of the Defendant wherein Defendant challenged the State and criticized the State for not having produced evidence concerning said blood test."

The appellant's exceptions to the court's qualification which appear below the judge's signature cannot be considered because there is no showing that the judge was made acquainted with the fact that the exception was being reserved to the qualification. Porter v. State, supra.

Bill of Exception No. 13 complains that, while urging the jury to inflict a severe punishment, the prosecutor said, "That will go a long way toward stopping this kind of a thing on the highway." The objection was that this constituted an appeal to disregard the facts in the case and assess the punishment on some other basis than the facts.

In Williams v. State, 145 Texas Cr. Rep. 536, 170 S.W. 2d 735, and in Grant v. State, 162 Texas Cr. Rep. 444, 286 S.W. 2d 423, we held a similar argument not error because Article 2, V.A.P.C., states that one of the objects of punishment is to suppress crime.

Bill of Exception No. 14 relates to the following argument:

"I am not allowed to tell you all the sorrow he could have brought about, but I am of the opinion that in the minds of the people this man is wrong. A man with a gun in his hand is only hunting one man, but an intoxicated man in a car * * *."

"It is not the officers only, but the people who will have to stop this kind of thing."

The court sustained the objection to the first argument quoted.

In Hampton v. State, 157 Texas Cr. Rep. 244, 248 S.W. 2d 488, we held reversible error was not reflected by argument of the prosecutor which "compared the driving of an automobile by an intoxicated driver to the firing of a pistol into a crowd, both of which would endanger a lot of lives, and that a jail term was the only way to 'stop this.'"

Finding no reversible error, the judgment of the trial court is affirmed.