**Lewis Elmer SPRADLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35587.

Court of Criminal Appeals of Texas.

May 15, 1963.

Rehearing Denied June 19, 1963.

M. F. Cate, Morris Brin, Terrell, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $250.00.

The record having been perfected, our prior opinion dismissing the appeal is withdrawn, and we will now consider the case on the merits.

Highway Patrolman Peace testified that at approximately 7:00 P.M. on the night in question he met an automobile "driving straddle the center stripe," turned around and gave chase; that as he pursued the automobile it drove completely to the left of the center stripe; that he turned on his siren and red light and was able to bring it to a halt within one half a mile. He stated that appellant, who was the driver, refused to get out, and when he finally succeeded in extricating him appellant had the odor of intoxicants on his breath, was unsteady on his feet, tried to urinate on the pavement in full view of the passing traffic, and expressed the opinion that appellant was intoxicated. He stated that the next day appellant did not recognize him as being the officer who had arrested him.

Jailer Calhoun testified that when appellant, whom he had known for more than 20 years, arrived with Officer Peace he observed that he was unsteady on his feet, smelled of alcohol, resisted being placed in jail, and expressed the opinion that he was intoxicated.

Appellant did not testify in his own behalf but called his son, who saw him last at 4:30 P.M. on the day in question and testified that he had not been drinking at

that time. He also called J. R. Bumpass, who testified that he saw appellant at 5:15 P.M. on the day in question and he showed no indication of intoxication. Grady Tait testified that he sold appellant gasoline in the afternoon "somewhere between six and seven o'clock," and stated, "I don't know whether he had a drink or hadn't had, whether he had a drink or not, but I do know that he was not under the influence of liquor."

The State called Superintendent Hedrick of the County Farm in rebuttal, and he testified that when appellant was brought to jail he smelled alcohol on his breath, that his assistance was required to place appellant in jail, and expressed the opinion that he was intoxicated.

■ The jury resolved what conflict there was in the evidence against appellant, and we find it sufficient to support the conviction.

■ We find no merit in appellant's motion to quash the indictment because the same does not name the highway on which he is alleged to have driven.

■ We find one formal bill of exception to the following argument of the prosecutor, "When we have a man that is drunk coming through this County he needs to be handled. He needs to be held *in offense* and tell others that they cannot get up there in a beer joint and come through this County drunk." The objection was made that there was no testimony as to a beer joint, which was overruled. The objection was repeated to any statement that appellant had been to a "beer joint," and the prosecutor replied that he did not say that appellant had been to one, and continued, "I said you can't let anybody get up in a beer joint." We have concluded that the prosecutor violated no mandatory statute and injected no new and harmful fact into the case and, under the holding in Payne v. State, 164 Tex.Cr.R. 306, 298 S.W.2d 151, and the cases there cited, this was a plea for law enforcement and no reversible error is reflected thereby.

■ Any question about what the witness Calhoun had heard of appellant's drinking was clearly invited by appellant's counsel's question, "You never heard of him taking a drink before, have you?"

In connection with appellant's other complaints, we observe that where argument is not objected to, reversible error is not preserved.

Finding no reversible error, the judgment of the trial court is affirmed.