**Christopher Lee WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 49954, 49955.**

Court of Criminal Appeals of Texas.

May 28, 1975.

Robert W. McLaughlin, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., and Les Eubanks, Asst. Dist. Attys., Dallas, Jim Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offenses are robbery by assault and attempted escape by the use of a firearm. The punishments, upon pleas of not guilty, 500 years for the robbery and 15 years for the attempted escape.

This appellant was tried jointly with four other defendants. See Marshburn v. State, Tex.Cr.App., 522 S.W.2d 900 (decided May 21, 1975); and Thompson v. State, Tex. Cr.App., 514 S.W.2d 275; Bridger v. State, Nos. 48,718 and 48,719, was affirmed by an unreported per curiam opinion on July 17, 1974.

The sole contention presented by this appeal is part of the first contention raised in Thompson v. State, supra, i. e., the challenge to the sufficiency of the evidence to support the conviction for the robbery.

■ The law of the case doctrine requires that the determination of the facts in Thompson v. State, supra, adverse to this appellant, controls. See Porter v. State, 154 Tex.Cr.R. 540, 229 S.W.2d 68; Gill v. State, 148 Tex.Cr.R. 513, 188 S.W.2d 584.

The appellant does not challenge the sufficiency of the evidence to support the conviction for the attempted escape; however, we quote briefly from the jailer who was assaulted during the course of the escape:

"Q Now, after that, what, if anything happened to you?

A Well, I started to try to get to the door again and Marshburn turned and put the gun in my face.

* * * * * *

Q What did they do?

A Bridger put a knife to my stomach and Christopher Lee Warren [this ap-

pellant] held a razor blade knife over my ear."

Having determined appellant's complicity as a principal in the attempted escape, the rationale of Thompson v. State, supra, regarding the robbery by assault applies.

■ The robbery of the guard during an armed escape attempt is a probable consequence of the execution of the escape plans. Thus all principals in the attempted escape are liable for the robbery as a principal; and since the evidence is sufficient to show the appellant to be a principal in the attempted escape, it therefore follows that the appellant is guilty of the robbery.

Accordingly, the judgments are affirmed.[1]

ODOM, J., concurs in the results.

---

[1]. Part II of the opinion is not for publication. It discusses the questions sought to be raised by the appellant's pro se brief.