Fancher v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-89-092-CR





EDWARD FANCHER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 93,822, HONORABLE BOB JONES, JUDGE



 





PER CURIAM



 A jury found appellant guilty of possessing 28 or more
but less than 400 grams of methamphetamine. 1983 Tex. Gen. Laws,
ch. 425, § 9 [former Tex. Rev. Civ. Stat. art. 4476-15, § 4.04, now
codified as Tex. Health & Safety Code § 481.115 (Supp. 1991)]. The
jury assessed punishment, enhanced by a previous felony conviction,
at imprisonment for 99 years and a $10,000 fine. The
methamphetamine made the basis of this prosecution was found on
February 2, 1988, when officers executed a search warrant on a
mobile home at 16202 Fagerquist in Del Valle.

 In point of error one, appellant contends that the trial
court erred in overruling his motion to suppress the evidence
seized at 16202 Fagerquist. Appellant argues that an
unconstitutional search occurred when Officer Hinkle first opened
the back door to the mobile home at that address. U.S. Const.
amend. IV; Tex. Const. Ann. art. I § 9 (1984); Tex. Code Cr. P.
Ann. art. 1.06 (1977). 

 The evidence at the hearing showed that on February 2,
1988, Officer Hinkle was summoned to a disturbance at 8104 Linden
where police had seen a quantity of drugs and paraphernalia in
plain view. The address was the residence of Ronda and Virgil
Reynolds. From Ronda Reynolds, Hinkle obtained a written consent
to search the property, described as a "white wood frame house and
all outbuildings, located at 8104 Linden." The officers searched
the Reynolds' house, then left and walked down a well-worn path
leading to a trailer house about 75 yards away. Except for the
footpath, the foliage on the property had grown above head level. 

 When the officers were about 50 feet away from the
trailer, Hinkle smelled a strong chemical odor which he identified
with the manufacture of methamphetamine. The back door of the
trailer flew open and people ran away through the brush. The
officers immediately ran up and secured the trailer. Hinkle went
to the back door and the other two officers went to the front. 
Hinkle opened the door to see if anyone else was inside and, just
inside the door, saw a stack of chemicals. Hinkle recognized these
as chemicals associated with the manufacture of methamphetamine.

 Hinkle then asked Ronda Reynolds who else lived on the
property and learned that the Reynolds leased the trailer to Ray
McNairy and appellant. Hinkle left to obtain a search warrant,
and, when the warrant was subsequently executed, the officers
seized a methamphetamine lab, methamphetamine, and its component
chemicals. Hinkle testified at the hearing on the suppression
motion that the Reynolds owned 10 acres of land, divided into one
lot containing their house and two outbuildings, with the address
8104 Linden, and a second lot containing the trailer in question,
with the address 16202 Fagerquist. Appellant argues that because
Ronda Reynolds had no authority to consent to the search of the
trailer, Hinkle's opening the back door and viewing the chemicals
inside constituted an invalid search.

 In McNairy v. State, 777 S.W.2d 570 (Tex. App. 1989,
aff'd No. 1407-89, Tex. Cr. App, June 19, 1991 (not yet reported),
this Court upheld the same search against the same claim made by
McNairy, appellant's co-defendant at the hearing on the motion to
suppress. (1) The law of the case doctrine requires that McNairy
control our determination of this issue. Oliver v. State, 551
S.W.2d 346 (Tex. Cr. App. 1977); Warren v. State, 523 S.W.2d 237
(Tex. Cr. App. 1975).

 Additionally, under the fourth amendment to the federal
Constitution, a warrantless search is valid if the police officer
reasonably believed that the consenting party had authority over
the premises. Illinois v. Rodriguez, 110 S.Ct. 2793 (1990). Here,
Officer Hinkle reasonably believed that Ronda Reynolds had
authority to consent to the search of all the outbuildings. When
ambiguous circumstances arose, Hinkle stopped, asked who else lived
on the property, and obtained a search warrant. Hinkle's opening
the back door of the trailer and seeing the chemicals while acting
under the reasonable belief of valid consent does not constitute an
invalid warrantless search or taint the subsequent search under the
warrant.

 Because the second search of 16202 Fagerquist was valid,
appellant's subsequent arrest, based on the results of that search,
was valid and its fruits properly admitted in evidence. We
overrule points of error one and two.

 In point of error three, appellant argues that the
evidence was insufficient to corroborate the testimony of Ronda
Reynolds, an accomplice witness. Tex. Code Cr. P. Ann. art. 38.14
(1979). The State called Ronda Reynolds to testify during its
case-in-chief. Ronda testified that she and her husband, Virgil
Reynolds, rented the trailer at 16202 Fagerquist to appellant from
1985 to around the end of 1987. After appellant moved out, she
continued to see him there four days out of seven. Appellant,
Virgil, and Ray McNairy were the people involved in the lab at the
trailer, and she had witnessed appellant there helping make
methamphetamine. To her knowledge, appellant, Virgil, and Ray
McNairy split the proceeds from the lab at the trailer.

 On the morning of February 2, 1988, Ronda went to the
trailer to get some methamphetamine for Virgil. Appellant was
present and said he would bring it to the house later because it
wasn't ready. About 30 or 40 minutes later, he brought Virgil a
baggy of methamphetamine. After Virgil ingested the
methamphetamine, Ronda called the police because Virgil began
trying to set his motorcycle on fire and to shoot her dogs with his
bow.

 Appellant then recalled Ronda during his case and
elicited testimony from her without any limitation. On direct
examination by appellant, Ronda affirmed that the lab and the drugs
in the trailer belonged to Ray McNairy, Virgil Reynolds, and
appellant; that these three had an operation to produce drugs; and
that even though not all three lived there, all three had a
proprietary interest in the enterprise and in the property that was
found inside the trailer. Ronda's testimony on recall by appellant
was appellant's evidence. The rule requiring corroboration of an
accomplice witness does not apply to testimony introduced by
appellant. Selman v. State, 807 S.W.2d 310 (Tex. Cr. App. 1991);
Brown v. State, 476 S.W.2d 699 (Tex. Cr. App. 1972). The testimony
of Ronda which appellant introduced was sufficient to corroborate
her testimony for the State. Edwards v. State, 427 S.W.2d 629
(Tex. Cr. App. 1968). We overrule point three.

 In point of error four, appellant contends the trial
court erroneously overruled his objection to the improper
impeachment of a defense witness. Neva Skurlock, a friend of
appellant's, testified that she had accompanied him to the trailer
in November and December 1987 and that while there, she had neither
seen a methamphetamine lab nor seen appellant use any
methamphetamine. On cross-examination, the prosecutor inquired as
to the basis of a warrant that Skurlock testified had been issued
for her. When Skurlock stated that it was for prostitution, the
prosecutor asked if she had jumped bond on that case. Appellant
objected to both questions as irrelevant. 

 Appellant's trial objections to irrelevancy do not
comport with his appellate complaints of improper impeachment. 
Thus, appellant has failed to preserve these complaints for review. 
Rezac v. State, 782 S.W.2d 869 (Tex. Cr. App. 1990). Additionally,
the prosecutor withdrew the second question after appellant's
objection, and the trial court on its own motion instructed the
jury to disregard it. We find that the court's instruction to
disregard cured any error from the prosecutor's question. Coe v.
State, 683 S.W.2d 431 (Tex. Cr. App. 1984). Point four is
overruled.

 In point of error five, appellant argues that the trial
court erred in denying his counsel's motion to withdraw. 
Appellant's counsel moved to withdraw because he had been employed
by the District Attorney's office when it prosecuted appellant on
a previous drug possession charge. That charge resulted in
deferred adjudication probation, which then served as the basis for
appellant's federal conviction as a felon in possession of a
firearm. The State relied on the federal conviction to enhance
punishment in the present case.

 Appellant's counsel argued to the trial court that a
conflict of interest existed in this case because he could be
called to testify that appellant's initial conviction was infirm,
thereby invalidating the federal conviction alleged for
enhancement. However, counsel stated to the trial court that he
knew of no infirmity in the initial conviction that could
invalidate the federal conviction and that nothing indicated that
he would testify in the present case. Counsel stated that he was
not employed by the District Attorney during any of his
representation of appellant in the present case. Because no
conflict of interest existed, the trial court correctly denied the
motion to withdraw as counsel. See Munguia v. State, 603 S.W.2d
876 (Tex. Cr. App. 1980); Matter of S.C., 790 S.W.2d 766 (Tex. App.
1990, writ denied). Point five is overruled.

 We affirm the judgment of the trial court.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  July 3, 1991

[Do Not Publish]
1. At the conclusion of the suppression hearing, counsel for
McNairy asked leave of court to file a motion for severance and the
severance was apparently granted thereafter.