## BILL SNIDER v. THE STATE.

No. 22295. Delivered November 18, 1942.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of driving an automobile upon a public highway while intoxicated. The punishment assessed is a fine of $100.00.

The only complaint which the appellant makes relates to the court's action in declining to submit his special requested charge, or one of like import, to the effect that although the jury believed from the evidence that the defendant, Bill Snider,

was in his automobile on said highway at the time of the collision and that he was intoxicated or under the influence of intoxicating liquor but that at said time John Boyle, and not the defendant, was driving the automobile, or if they had a reasonable doubt thereof, to acquit him. In our opinion, appellant was entitled to such an instruction, and the court's failure to give the requested charge or one of like import was error. Every defendant in a criminal case is entitled to have his defensive theory submitted to the jury in an affirmative way; and since there was evidence in this case by Boyle and from some of the occupants of the car, as well as the appellant, that Boyle and not the appellant was driving the car, the court should have submitted the requested instruction to the jury. In support of what we have said, we refer to the following cases: Smart v. State, 146 S. W. (2d) 397; Matterson v. State, 152 S. W. (2d) 352; McNeil v. State, 154 S. W. (2d) 653; Kibbe v. State, 112 S. W. (2d) 733, and authorities there cited.

It must be borne in mind that the offense is composed chiefly of two elements: First, intoxication and second, driving an automobile upon a public highway while in such condition. Consequently the State is required to prove the existence of both elements before a conviction can be sustained. Appellant's defense was twofold: First, that he did not drive the automobile at the time and place in question; and second, that he was not drunk; and this defensive theory finds support in the evidence. It is apparent from the foregoing statement that if the jury believed either that appellant was not driving the automobile or that he was not drunk, then he was entitled to an acquittal. However, the court's main charge required the jury to find that he was not driving the automobile and was not drunk before they could acquit him. Had the court responded to appellant's request and given his special requested charge the jury could have found that he was drunk and yet acquitted him if they believed that John Boyle drove the car, or if they had a reasonable doubt thereof, to acquit him. It is obvious that the court's charge not only failed to submit appellant's defense in an affirmative way but restricted his right to an acquittal unless the jury believed that he was not drunk and was not driving the car.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.