ARRIE HASKELL McDONALD V. STATE

No. 28,178. April 4, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 23, 1956.

*Brin and Cate*, Terrell, for appellant.

*Wayne Pearson*, County Attorney, Kaufman, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction upon a jury verdict for the offense of driving a motor vehicle upon a public highway while intoxicated, the punishment having been assessed at 3 days in jail and a fine of $50.

There is ample evidence to sustain the conviction, several witnesses having testified and expressed the opinion that appellant was intoxicated, stating the facts upon which they based their opinion and their experience with intoxicated persons. Also there is proof that appellant drove an automobile on the highway named in the complaint and information and into the rear of a truck traveling in the same direction he was traveling.

Appellant moved to quash the complaint and information because they did not allege at what particular place or point on the highway the offense occurred.

The allegation that appellant, while intoxicated drove a motor vehicle upon a public highway in the county would have been sufficient without naming the highway. See Hankins v. State, 157 Tex. Cr. R. 562, 251 S.W. 2d 729; Simpson v. State, 153 Tex. Cr. R. 413, 220 S.W. 2d 664; Duncan v. State, 152 Tex. Cr. R. 283, 213 S.W. 2d 824.

Here the state alleged and proved that appellant drove a motor vehicle upon U.S. Highway 80 in Kaufman County, Texas. The motion to quash was properly overruled.

The court's charge is attacked on the ground that it did not submit what appellant says was his affirmative defense, that is it did not instruct the jury to acquit if they found or had reasonable doubt that his condition was caused by a blow or lick on his face or head and not by intoxication.

Under the court's charge the jury was properly required to find that appellant was intoxicated before they could convict him, and in this connection "intoxicated or under the influence of intoxicating liquor" was defiined to mean that he did not have the normal use of his physical and mental faculties *by reason of the use of intoxicating liquor*.

If the jury entertained a reasonable doubt that appellant's use of intoxicating liquor had not deprived him of the normal use of his faculties, it was immaterial whether he was deprived thereof by a lick or blow on the head, loss of sleep or other cause.

There is meager evidence to raise the issue that appellant was deprived of the normal use of his faculties as a result of the collision or of a blow otherwise received about that time. If raised, the evidence was not of an independent fact or condi-

tion which if true would entitle appellant to acquittal, but was at most an evidentiary matter on the issue of whether or not appellant was intoxicated, as the witnesses testified.

The following authorities are deemed applicable and are against appellant's contention. Roescher v. State, 162 Tex. Cr. Rep. 335, 284 S.W. 2d 908; Humphrey v. State, 159 Tex. Cr. Rep. 396, 264 S.W. 2d 432; Gilmore v. State, 158 Tex. Cr. Rep. 534, 257 S.W. 2d 300; Sharp v. State, 150 Tex. Cr. Rep. 169, 199 S.W. 2d 159.

The remaining complaints relate to the admission of evidence.

Sgt. J. E. Miller, of the Texas Department of Public Safety, took charge of appellant at the scene and placed him in jail. Asked on cross-examination if he saw any evidence that appellant had a lick on his head, he answered that appellant had some scratches on his face and blood that was dry.

His cross-examination further developed that before placing appellant in the city jail at Terrell, Sgt. Miller took him to Friddell Hospital where he saw a nurse.

On re-direct examination it was shown that appellant was not taken to the hospital for the purpose of treatment but for some other purpose. When the witness was asked what the purpose was, appellant's counsel objected that the state was going into the question of a blood test and no consent had been shown, and the question was withdrawn. The witness then testified that it was not his belief that appellant needed any treatment and that he received none.

Appellant's counsel then asked Mr. Miller what happened at the hospital, and he answered "A blood specimen was obtained."

Following this testimony, over objection, the state was permitted to prove by Sgt. Miller and assistant county attorney Wayne Pearson that chemists for the Texas Department of Public Safety were not available as witnesses in the trial of misdemeanor cases under the rules of the department, because of the lack of sufficient funds for such purpose.

We find no reversible error in the admission of this testimony. Appellant sought to show or leave the inference that he

had received an injury requiring his being taken to the hospital for treatment.

The state met this effort by showing that, though appellant was taken to the hospital before being placed in jail, it was not for the purpose of treatment and he neither required nor received treatment there.

Appellant then saw fit to introduce the evidence he had been successful in having excluded previously, namely that a specimen of his blood had been obtained.

The fact that a blood specimen had been taken and having been shown by appellant, the state was properly permitted to explain the absence of any testimony as to whether or not the blood had been tested and, if so, to explain why the results showing its alcohol content were not offered.

Finding no reversible error, the judgment is affirmed.