Marcus Moore **LOFTIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 35638.

Court of Criminal Appeals of Texas.

April 24, 1963.

Mays & Jacobs, Corsicana, for appellant.

Jimmy Morris, County Atty., Corsicana, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of fifty dollars.

Clayton Smith, the arresting officer, testified that he observed the appellant's automobile weaving as he drove it along the left hand side of the highway, and that after stopping the appellant he smelled the odor of alcohol on his breath and noticed that his walk was unsteady. He expressed the opinion that appellant was intoxicated. He further testified that after they arrived at the jail he " * * * saw a card that came from his (appellant's) wallet which said in effect that he was diabetic and was not intoxicated, and that in case his behavior seemed to be unusual or abnormal, emergency measures written on the back of the card were to be followed." After reading the directions he asked the appellant if he wanted to go to a hospital and appellant replied that he did not.

Another witness who saw the appellant driving on the highway and also at the jail testified to substantially the same facts as Officer Smith.

A search of appellant's automobile revealed one partially full and three full bottles of whiskey in the trunk, and another bottle about one-half full of whiskey and a flask containing a small amount inside the front of the car.

Appellant, testifying in his own behalf, admitted that he was driving the car, but denied that he was intoxicated or had drunk any alcoholic beverage during the day he was arrested. He testified that for several days he had shown a sales exhibit for his company in Houston and was returning to Fort Worth in his employer's car when arrested; that his employer must have placed the whiskey in the trunk because he knew nothing about it; that there was a pint of whiskey in a bag on the seat which turned over and spilled, causing the odor the officer smelled when he was arrested.

He further testified that he could not drink whiskey because he was a diabetic and usually took two injections of insulin each day and followed a rigid diet but he had been unable to do either for several days which caused his exhausted and worn out condition, and his fear that he was going into shock before he could get home and receive treatment. He stated that he showed the officer at the scene of the arrest his card which revealed that he was a diabetic, and at the jail the officer again saw his diabetic card but did not respond to its directions. The testimony of appellant's employer corroborated that of the appellant as to his employment and physical condition.

Appellant objected to the failure of the court to submit his affirmative defense to

the jury, which was that his condition at the time of his arrest was caused by diabetes, a physical ailment or disease wholly disconnected with the use of alcohol.

██ The appellant testified that he had not drunk any alcoholic beverage on the day of his arrest and further that his physical condition at the time of his arrest was caused by diabetes. This testimony, if found true, would account for the facts upon which the state's witnesses based their opinion that he was intoxicated and would show that he was not guilty of the offense charged. The appellant was entitled to an appropriate affirmative submission of his defense raised by his testimony.

Kessler v. State, 136 Tex.Cr.R. 340, 125 S.W.2d 308; Snider v. State, 145 Tex.Cr.R. 59, 165 S.W.2d 904; Gilmore v. State, 158 Tex.Cr.R. 534, 257 S.W.2d 300; Huckert v. State, 159 Tex.Cr.R. 368, 264 S.W.2d 121; Humphrey v. State, 159 Tex.Cr.R. 396, 264 S.W.2d 432; Roescher v. State, 162 Tex.Cr.R. 335, 284 S.W.2d 908, are distinguishable from the case before us by the fact that in those cases the defendant had been drinking according to the evidence offered by him, and there were no independent facts or conditions not combined with the consumption of intoxicating liquor to account for the defendant's appearance, manner and conduct. In the instant case, the evidence that appellant's condition at the time was caused by diabetes and that he had not used any intoxicants raised an affirmative defense.

The original record of this Court shows that in McDonald v. State, 163 Tex.Cr.R. 244, 289 S.W.2d 939, cited by appellant, the defendant did not testify and there was no evidence to the effect that he had not been drinking and none to explain the odor of alcohol on his breath other than his having consumed an intoxicating beverage.

For the error pointed out the judgment is reversed and the cause is remanded.

Opinion approved by the Court.