Raul VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 37261.

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Rehearing Denied Jan. 6, 1965.

Fidencio G. Garza, Jr., Falfurrias, for appellant.

R. L. Lattimore, Dist. Atty., John S. Snedeker, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft of an automobile; the punishment, 2 years.

The evidence reveals that a 1955 Plymouth automobile of the value of more than $50. was taken from the place in Weslaco where it had been parked by its owner, without his knowledge or consent. It was found during the same night in a canal some mile and a half away, water soaked and with the windshield, back glass and all of the side glasses broken out.

Appellant, age 21, Alfonso Abeldano, age 19, and David Yarrito, age 16, were apprehended and charged with theft of the automobile.

Alfonso, who had been convicted upon his plea of guilty, testified as an accomplice witness for the state. Appellant's confession was introduced but he did not testify.

According to Alfonso and to appellant's confession, David suggested that they look for a car with keys in it so they could take a ride. David found such a car and they got in, after he said: "What's the matter, are you scared?" David drove the car and David put it in the canal. According to appellant's confession, David and Alfonso broke the glass.

◼ The court charged the jury on the law of principals and accomplice testimony. We find the evidence sufficient to sustain the jury's finding that the appellant acted as a principal in the theft of the automobile.

◼ Appellant complains that during the testimony of its witness Perez the state injected into the trial testimony concerning another indictment against him.

Appellant filed motion for suspended sentence, thereby placing in issue his general reputation. Art. 778 C.C.P.

The state called the witness Perez, a deputy sheriff, who testified that appellant's general reputation as a law abiding and honest man was "no good." In connection with his testimony, the witness Perez added: "Prior to this I had him charged in other cases." There was no objection to such testimony on direct examination.

On cross-examination Perez was asked and answered:

"Q. * * * We are talking about this particular case?

"A. I am talking about another case.

"Q. Now, I would like to know, have you had occasion to have charged him with other offenses?

"A. Yes, sir. I had him charged with robbery by assault, where they assaulted Mr. Ralph Reed at home and broke his arm doing so.

"Q. I am asking you about this particular case.

"THE COURT: He is talking about the general reputation.

"MR. GARZA: If it please the Court, I move that his testimony be stricken. It is biased and prejudicial. He brought that in purposely.

"THE COURT: The jury will disregard any specific instances, and ask him about his general reputation."

On redirect examination the witness was asked and answered:

"Q. Mr. Perez, you have been talking about—You said cases. Is there more than one case against this man?

"A. Yes, there is."

Appellant moved for mistrial "on the grounds that the district attorney had no basis to ask the last question he asked * * *." The trial judge instructed the jury "to disregard any specific instances in reference to the application for suspended sentence," but the record does not reflect a ruling on the motion for mistrial.

We are in accord with appellant's contention that it was error for the state's witness or the district attorney to refer, in the presence of the jury, to an extraneous criminal charge against the appellant. However, in view of the cross-examination by appellant's counsel shown above, and the court's instruction to the jury, the error is not such as to warrant reversal.

Appellant's remaining complaint relates to the cross-examination of appellant's character witness Adolfo de la Pena wherein he was asked: "Q. Sir, have you heard that the defendant has been charged with assault with intent to rob against a 70 year old man and broke his arm?

"A. No sir, nothing except here in court."

It appears that counsel for the state was attempting to test the knowledge of the witness as to the general reputation of the defendant in the manner upheld in Adams v. State, 255 S.W.2d 513. Also, the jury had been made aware of the assault charge referred to in the question by the cross-examination of state's witness Perez, and appellant is in no position to complain.

The judgment is affirmed.