Thomas Lee **WHITAKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40726.

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Rehearing Denied Jan. 3, 1968.

---

Sidney E. Dawson, Dallas, for appellant.

Henry Wade, Dist. Atty., Arch Pardue, Cecil Emerson, J. R. Ormesher and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, one year in jail and a fine of $250.00.

Trial was before a jury on a plea of not guilty and upon separate hearing the jury assessed the punishment.

The sufficiency of the evidence to sustain the conviction is not challenged.

Witnesses who observed appellant immediately after the collision testified that he had the odor of alcohol on his breath; that he had lost control of his faculties and was unable to walk without being assisted, and that in their opinion he was intoxicated.

Testifying as a witness in his own behalf appellant admitted having consumed two and a half bottles of beer just prior to driving his automobile away from a tavern on to a heavily traveled highway and colliding with other automobiles. His version was that he was sober; that the collision caused his car to stop so suddenly that his head hit the windshield and rear view mirror, breaking both of them; that the lick on the head addled him and caused him to lose the normal use of his bodily faculties.

Testimony was offered to corroborate appellant's testimony that the windshield and rear view mirror were broken and that appellant had a skinned place and blood on his head.

Appellant's first and second grounds of error relate to his requested charges which were refused.

There are no formal bills of exception.

The instrument consisting of the two requested charges does not itself reflect that such charges were presented before the court read his charge to the jury, as required by statute. See Art. 36.15 Vernon's Ann.C.C.P., and cases listed under Note 47.

■ If the claimed error in the refusal of the requested charges is before us, we hold that the court's ruling is supported by the case of McDonald v. State, 163 Tex.Cr. R. 244, 289 S.W.2d 939, and the Court did not err in refusing the requested charges which instructed an acquittal if the jury believed that appellant's condition was caused by a lick on the head and he was not under the influence of intoxicating liquor.

Loftin v. State, Tex.Cr.App., 366 S.W.2d 940, cited by appellant, was distinguished in the opinion from McDonald v. State, supra, and other cases in which the evidence disclosed that the defendant had consumed alcoholic beverages.

■ The next three grounds of error relate to "have you heard" questions propounded to one of appellant's character witnesses on cross-examination such as are authorized under the holding of this court in Adams v. State, 158 Tex.Cr.R. 306, 255 S. W.2d 513. Appellant is mistaken in assuming that the holding in the Adams case has been overruled. See Villarreal v. State, Tex.Cr.App., 384 S.W.2d 891.

■ The next four grounds of error relate to cross-examination of appellant wherein he was asked: "what symptoms do you display when you are drunk"—"do you get drunk and drive home and sleep it off" —"do you think it affects your walk when you get drunk"—and "did you have a driver's license with you."

We are unable to agree with appellant's contention that the propounding of these questions constitutes grounds for reversal because they imputed to appellant specific acts of misconduct not culminating in a prosecution and not available for impeachment.

We note in this connection that, at the hearing on punishment, appellant admitted a prior conviction for drunk driving, and at the trial testified that it took about 12 beers to make him drunk.

■ The remaining ground of error relates to the testimony of J. W. Foster, accident investigator for the Dallas Police Department, wherein he testified that the amount of damage to the '60 model Pontiac (driven by appellant) was about $350.00, possibly more, and the '59 Pontiac traveling east and the third car involved in the accident, a '60 model Ford, were total losses.

The admission of such testimony, over the objection that the issues did not involve whose fault it was but whether the defendant was drunk, was not error. The evidence was admissible as a part of the transaction tending to shed light on the ultimate issue. Allen v. State, 149 Tex.Cr.R. 612, 197 S.W.2d 1013.

The judgment is affirmed.