**Pedro Gonzales PAREDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46588.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Sylvan Tobolowsky, Dallas, for appellant.

Henry Wade, Dist. Atty. and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury of the felony offense of driving a motor vehicle upon a public road while intoxicated. The court assessed his punishment at eighteen (18) months' confinement in the county jail.

The sufficiency of the evidence is not challenged. It is enough to note that the record reflects appellant was arrested after his vehicle was seen weaving by the police. Upon stopping the appellant's truck, the police noticed that appellant smelled of alcohol, that his speech was slurred, and that he had difficulty walking. A breathalyzer test indicating the alcoholic content of appellant's blood was .20 was received in evidence.

Appellant in his first ground of error complains of the trial court's failure "to submit to the jury the affirmative defense that appellant was entitled to acquittal if his physical condition at the time of his arrest was caused by diabetes."

First, we observe that no error is presented by this contention since appellant neither objected to the court's charge nor submitted a special requested charge in writing as required by Articles 36.14 and

36.15, Vernon's Ann.C.C.P. See Boothe v. State, 474 S.W.2d 219 (Tex.Cr.App. 1971); Forderson v. State, 467 S.W.2d 476 (Tex. Cr.App. 1971).

■ Further, if there had been a timely and proper objection or special requested charge, the court would not have erred in refusing the same since such defense was not supported by the evidence.

While there was evidence in the instant case that appellant was a diabetic, there was no evidence offered that his condition at the time of his arrest was caused by diabetes.

Thus, there was no affirmative defense to be submitted to the jury entitling him to an acquittal "if his physical condition at the time of his arrest was caused by diabetes."

Unlike the facts in Loftin v. State, 366 S.W.2d 940 (Tex.Cr.App.1963), there were no independent facts or conditions in the instant case to account for appellant's appearance, manner and conduct. In *Loftin* the defendant denied he was intoxicated or had consumed any alcoholic beverage on the date in question. He further testified he was a diabetic and had not taken his insulin shots for two days, etc., and that the same was the cause of his condition at the time of arrest. He explained that the odor of whiskey smelled by the arresting officer came from a spilled pint of whiskey that had been left on the seat in his employer's car which he was driving. This testimony, if found true, would account for the facts upon which the State's witnesses based their opinion he was intoxicated and would show he was not guilty of the offense charged. Thus *Loftin* was entitled to an instruction on his affirmative defense.

We conclude that the instruction to the jury to acquit the appellant if they entertained a reasonable doubt as to his guilt was sufficient to protect his rights.

■ Next appellant, represented by court appointed counsel on appeal, contends "reversible error was committed by the failure of trial counsel for defendant (1) to offer at the trial of the case medical testimony as to the relationship of the physical ailment of diabetes to an appearance of intoxication, and/or (2) to call the defendant as a witness to testify as to his diabetic condition and whether or not he was guilty of the charges made against him by the State."

Thus appellant apparently recognizes the evidence does not raise a defense as the evidence did in Loftin v. State, supra, and argues that trial counsel's failure to introduce such evidence resulted in reversible error.

Appellant's brief acknowledges the complexities and problems of court appointed counsel on appeal where different counsel represented the accused at trial, and acknowledges that trial counsel may have been "completely justified" in failing to present such testimony.

Even if there had been medical testimony as to how diabetes may affect a person's conduct or condition and even if the appellant had testified as to his diabetic condition, the appellant would not, as earlier observed, be entitled to an affirmative instruction on the defensive theory urged on appeal unless there was also testimony that appellant's condition at time of arrest was due to diabetes. Appellant makes no claim that there was such evidence which trial counsel failed to offer.

We cannot conclude that trial counsel was derelict in his duty so as to deny the appellant a fair trial.

■ Lastly, appellant contends reversible error occurred when the trial court refused to grant a mistrial after the prosecutor asked the arresting officer, "After you put this Defendant in jail, did you return back out there to take another would-be killer off the streets?"

The objection to the question was sustained and the question was never answered. The jury was then twice instructed to

disregard the question asked and not to consider it for any purpose. The motion for mistrial, however, was denied.

" . . . It has long been held by this Court that the error in asking improper questions or in admitting improper testimony may usually be cured by the withdrawal of the testimony and an instruction to the jury to disregard the same, except in extreme cases where the question or evidence is of such a damaging or prejudicial nature as to suggest the impossibility of withdrawing the impression produced in the minds of the jury." Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App. 1972). See also White v. State, 444 S.W.2d 921 (Tex.Cr.App. 1969); 1 McCormick & Ray, Texas Law of Evidence, Sec. 29, p. 29 (2d ed 1956).

Likewise in Sensabaugh v. State, 426 S.W.2d 224 (Tex.Cr.App. 1968), this court noted that a reversal of a conviction for a crime is rarely ordered because of the propounding of an improper question. To cause a reversal the question must be obviously harmful. See also Williams v. State, 413 S.W.2d 707 (Tex.Cr.App. 1967).

In deciding such question it must be remembered that each case has its own characteristics, and this court will look at the entire record with the surrounding circumstances and their possible relationship to other testimony in order to determine the probability or possibility of injury. Sensabaugh v. State, supra.

The question in the instant case was improper and should not have been asked. Only recently this court has reversed cases for improper remarks made by the prosecutor. See e. g., Stein v. State, 492 S.W.2d 548 (Tex.Cr.App. 1973); White v. State, 492 S.W.2d 488 (Tex.Cr.App. 1973). We do not retreat from these decisions in the slightest, and again caution prosecutors against attempts to skate on thin ice along the limits of propriety either in the examination of witnesses or in jury argument.

■ In the specific context of the instant case, however, we cannot say that the refusal to grant a mistrial was reversible error. The record reflects that the arresting officer was assigned to the Traffic Division of the Dallas Police Department and was a member of "a special D.W.I. watch" or detail which worked on Friday and Saturday nights patrolling three designated streets or boulevards in the City of Dallas. On Saturday night, May 29, 1971, the officer was patrolling Industrial Boulevard, one of the designated streets, when he observed the appellant's car at 8 p.m. weaving from one lane to another on the public road on which there was other traffic.

When the complained of question was asked, the objection was immediately sustained and the jury carefully advised to disregard its asking for any purpose. When the action of the court is considered in light of the entire record, we cannot conclude the instruction to disregard was an inadequate protection of appellant's rights.

The judgment is affirmed.