Stephanie Lynne **GRISSETT, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 54728.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 18, 1978.

John K. Grubb, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert A. Shults and Paul Schiffer, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Stephanie Lynne Grissett appeals from a conviction for driving while intoxicated. Punishment was assessed at five days in jail and a $50.00 fine.

In the early morning hours of April 9, 1976, appellant was stopped by Officer Goodman after he observed her running a stop sign and driving erratically. Officer Goodman testified that appellant staggered and swayed as she left her automobile, had difficulty retrieving her drivers license from her purse and slurred her words. Appellant stated to Officer Goodman that she had consumed two or three glasses of wine. Officer Goodman expressed his opinion that appellant was intoxicated.

Appellant testified that she had had less than a glass and a half of wine. She also stated that she was an epileptic and had taken her medication, dilantin, that day. Appellant further stated she may have had a mild seizure after being stopped by the police.

Appellant made two written requests for jury charges based on affirmative defenses. These charges instructed the jury to acquit if they believed the appellant did not possess her normal physical and mental faculties by reason of epilepsy or use of dilantin. The trial judge refused to submit these charges.

In five grounds of error appellant contends the trial court erred in refusing to submit the two charges to the jury. The sufficiency of the evidence is not challenged.

Appellant relies on *Loftin v. State,* 366 S.W.2d 940 (Tex.Cr.App.1963). In *Loftin,* a driving while intoxicated case, the defendant denied he had been drinking and offered plausible explanations for both his weakened physical condition and the smell of alcohol. The Court reversed the conviction because the trial judge had refused to submit a requested charge that the defendant's condition was caused by diabetes. The Court distinguished *McDonald v. State,* 163 Tex.Cr.R. 244, 289 S.W.2d 939 (1956), because the defendant in *McDonald* neither denied drinking nor offered an explanation for the smell of alcohol in his breath.

A defendant is entitled to a charge on another causation factor only when he denies use of alcohol and can explain his suspect actions. *Loftin v. State,* supra; *Whitaker v. State,* 421 S.W.2d 905 (Tex.Cr.App.1967); *Paredes v. State,* 500 S.W.2d 160 (Tex.Cr.App.1973). Appellant testified that she had been drinking wine on the evening in question. She did explain her post-arrest behavior by stating she had a mild seizure. However, there was no explanation offered for her erratic driving. Under these conditions, appellant was not entitled to instructions on either epilepsy or use of dilantin.

No reversible error is shown. The judgment is affirmed.

PHILLIPS, J., dissents.