

# The Attorney General of Texas

June 23, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
P. O. Box 12265
Austin, Texas

Opinion No. MW-197

Re: Whether "public intoxication" is a lesser included offense of "driving while intoxicated."

Dear Mr. Pipkin:

You ask if the offense of "public intoxication" is a lesser included offense of "driving while intoxicated."

In 1973, the Texas Code of Criminal Procedure was amended to establish a new scheme for determining and dealing with "lesser included offenses." Article 37.08 thereof now reads:

> In the prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.

Article 37.09 of the Code of Criminal Procedure states:

> An offense is a lesser included offense if:
>
> (1)   it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

Article 37.09 of the Code defines lesser included offenses in terms of the relationship between the lesser offense and the "offense charged." If the facts necessary to be proven in a particular case in order to establish the "offense charged" would also prove the lesser offense, the lesser offense is an "included" offense in that case, whether or not in a different case the greater offense could be proved on facts that would not include the lesser offense. Campbell v. State, 571 S.W.2d 161 (Tex. Crim. App. 1978); Hazel v. State, 534 S.W.2d 698 (Tex. Crim. App. 1976); Day v. State, 532 S.W.2d 302 (Tex. Crim. App. 1976). For that reason, the determination of whether a particular offense bears such a relationship to the offense charged must be made on a case by case basis. Campbell v. State, supra.

Thus, unless we can say as a matter of law that it would never be necessary in a particular case to prove facts establishing the offense of "public intoxication" in order to also prove the offense of "driving while intoxicated," we cannot say that under no circumstances would "public intoxication" be a lesser included offense of "driving while intoxicated." See Jones v. State, 586 S.W.2d 542 (Tex. Crim. App. 1979). Cf. Ahearn v. State, 588 S.W.2d 327 (Tex. Crim. App. 1979). In our opinion "public intoxication" may under certain circumstances be a lesser included offense where the offense charged is "driving while intoxicated."

The offense of "public intoxication" is committed by a person if (1) he appears in a public place (2) under the influence of alcohol or any other substance, (3) to the degree he may endanger himself or another. Penal Code § 42.08.

An essential element of the proof necessary to convict under the foregoing penal provision is a showing that the defendant was intoxicated to the extent that he might endanger himself or another. Dickey v. State, 552 S.W.2d 467 (Tex. Crim. App. 1977). See also Loden v. State, 561 S.W.2d 2 (Tex. Crim. App. 1978). It has been suggested that this "endanger" element of proof is not required in prosecutions for "driving while intoxicated," and that "public intoxication" cannot, therefore, be a lesser included offense of that offense. However, an examination of holdings of the Court of Criminal Appeals compels a different conclusion.

Article 6701ℓ-1, V.T.C.S., provides:

> Any person who drives or operates an automobile or any motor vehicle upon any public road or highway in this State, ... or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor. ...

It is readily seen that the foregoing "driving while intoxicated" statute does not mention the endangerment of persons, and in Stewart v. State, 299 S.W. 646 (Tex. Crim. App. 1927), the court observed that the law does not withhold its sanction until an intoxicated individual on the highway kills somebody or wrecks his own or some other car:

> If he is drunk, or is under the influence of intoxicants, he is forbidden to drive an automobile on a public highway in this state, and the law is violated when he does so drive his car, as much as if he keeps the middle of the road as if he wrecks a dozen cars.

Id. at 647. Moreover, in Snider v. State, 165 S.W.2d 904 (Tex. Crim. App. 1942), the court said of "driving while intoxicated":

> It must be borne in mind that the offense is composed chiefly of two elements: First, intoxication, and second, driving an automobile upon a public highway while in such condition.

Id. at 905.

But those cases address only the non-necessity of showing that harm resulted from danger (Stewart, supra), and the necessity that the state prove both intoxication and driving (Snider, supra). Neither of them holds that "driving while intoxicated" is not per se dangerous to persons. If it is, the need for proof thereof is obviated because "driving while intoxicated" would endanger persons as a matter of law. Proof of the two chief elements would establish a third: danger.

In Day v. State, supra, the Court of Criminal Appeals decided that "criminal trespass" was a lesser included offense in a case where the offense charged was "burglary," although the criminal trespass statute (but not the burglary statute) expressly required for conviction thereunder proof that the defendant "had notice that entry was forbidden, or received notice to depart." See Penal Code SS 30.02, 30.05. The state argued that "notice" was an additional element not necessary to prove in establishing a burglary, and that criminal trespass could, therefore, never be a "lesser included offense" of burglary. But the court said:

> [I]n a situation such as that presented in the present case where proof shows that the accused entered a building not then open to the public, the 'notice' requirement would be satisfied by proof of entry into the building since 'notice' can be established by a 'fencing or other enclosure obviously designed to exclude intruders'.... Therefore, the elements of criminal trespass, including 'notice,' could be established by proof of the same facts necessary to prove the offense of burglary. The proof of additional facts would not be necessary, and the requirements of 37.09(1) . . . would be satisfied.

(Emphasis added). Day v. State, supra, at 306.

Perhaps the evil that the "driving while intoxicated" statute intends to correct is so obvious that courts seldom need to discuss it, but it has been discussed on occasion. In Johnson v. State, 147 S.W.2d 811 (Tex. Crim. App. 1941), the court, speaking of the "drunk driving" law, said, "The object and purpose of the law is to prevent men, women, and children from being wounded and maimed by persons driving automobiles while in a state of intoxication." 147 S.W.2d 814. In Blackburn v. State, 204 S.W.2d 619 (Tex. Crim. App. 1947), it was said, "The purpose of the law is to protect people against drunk drivers. . . ." Id. at 620.

In our opinion, the elements of "public intoxication," including intoxication "to the degree he may endanger himself or others," could be established in some cases by proof of the same facts necessary to prove the offense of "driving while intoxicated." Proof of additional facts would not be necessary.

The soundness of this conclusion is illustrated by the case of Dickey v. State, supra, decided in 1977. Dickey was a probationer who was discovered drunk and asleep in the

front seat of a car outside a lounge in the middle of the night. His probation was revoked on grounds he had committed the offense of "public intoxication." On appeal he argued that the evidence was insufficient to show that he was a danger to himself or anyone else. The court rejected that argument, concluding that _potential_ danger was enough:

> In the instant case appellant rendered himself subject to potential danger by becoming so intoxicated that he fell asleep in a car in front of a lounge in the middle of the night. The State points out in its brief that appellant was 'vulnerable to an assortment of difficulties.' It is also possible that appellant could have awakened and taken it upon himself to drive himself and his companion home, which would have constituted an even clearer danger. (Emphasis added). Id. at 468.

It is apparent from the foregoing that had Dickey actually attempted to drive the car and been charged with "driving while intoxicated" rather than "public intoxication," the latter offense would nevertheless have been a "lesser included offense" of the one charged. See Britton v. State, 578 S.W.2d 685 (Tex. Crim. App. 1979); See Ex parte Ross, 522 S.W.2d 214 (Tex. Crim. App. 1975); Cf. United States v. Fossler, 597 F.2d 478 (5th Cir. 1979).

You next ask whether the public interest underlying article 6701l-1, V.T.C.S, would be served if judges were permitted to knowingly dispose of a driving while intoxicated case in which public intoxication is not a lesser included offense in a manner which does not result in the administrative or penal sanctions imposed by sections 24 and 25 of article 6687b, V.T.C.S., and article 6701l-1, V.T.C.S. This question on the public interest raises policy rather than legal questions and accordingly cannot be addressed in the opinion process.

## S U M M A R Y

The offense of "public intoxication" may sometimes be a lesser included offense when "driving while intoxicated" is the offense charged.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Gerald Carruth
Susan Garrison
Rick Gilpin
Bruce Youngblood