OPINION
BENAVIDES, Justice.
Appellant appeals from an order revoking probation. In 1980 when appellant plead guilty to burglary of a building, the trial court assessed his punishment at three years in the Texas Department of Corrections and probated the sentence for five years. In October 1984, the State filed a motion to revoke probation. The trial court heard evidence and revoked probation based on three alleged violations. After *398 revoking probation, the trial court reduced the sentence to two years.
At the outset we address appellant’s fifth ground of error in which he asserts that we must address all the alleged violations, and then remand the cause to the trial court if any of the grounds for revocation are not supported by evidence or are otherwise infirm. We decline to do so. As appellant notes, it is not necessary to consider the sufficiency of the evidence to prove other violations if any one of the alleged violations is supported by the evidence. O’Neal v. State, 623 S.W.2d 660 (Tex.Crim.App.1981). Although this Court has addressed the sufficiency of the evidence on multiple allegations in the past, Martinez v. State, 635 S.W.2d 762 (Tex.App.-Corpus Christi 1982, no pet.), the general rule is that once one violation is supported by the evidence, it is not necessary to consider appellant’s other grounds of error. Sanchez v. State, 603 S.W.2d 869, (Tex.Crim.App.1980); Rivera v. State, 688 S.W.2d 659 (Tex.App.-Corpus Christi 1985, no pet.). Appellant’s fifth ground of error is overruled.
We will address appellant’s grounds of error four through eight as they assert error pertaining to the State’s fourth alleged violation of probationary conditions. The State alleged that appellant:
“On or about May 14, 1984, in Hidalgo County, Texas, did then and there while intoxicated, drive and operate a motor vehicle in a public place, to-wit: a public street and highway, in violation of condition “a” of his probationary order ...”
In his fourth ground of error appellant contends the evidence is insufficient to support the trial court’s finding of a violation. We find that the evidence is sufficient. Officer Antonio Campos testified that on May 14, 1984, he stopped appellant’s vehicle because it was traveling at a high rate of speed. He stated that the vehicle was driven on a public road in Hidalgo County. When appellant opened the door of his car to step out, the officer noticed several beer cans on the driver’s seat. When appellant got out of the car he staggered. While looking for his driver’s license, appellant swayed back and forth and did not have a steady balance. The officer smelled a strong odor of alcohol on appellant’s breath. Appellant’s face was flushed red and his eyes were bloodshot. The officer stated that his experience and training led him to believe that appellant was intoxicated. This testimony supports the trial court’s order. Appellant appears to contend that because appellant’s eyes were bloodshot at trial, and because the officer had never heard appellant speak before, the symptoms on which he based his conclusion of intoxication could just have well led to a conclusion that appellant was not intoxicated. We disagree with appellant’s assertion. The officer’s testimony more than adequately supports the finding of intoxication. The trial court, as finder of fact at a revocation proceeding, was justified in believing that appellant was intoxicated. Annis v. State, 578 S.W.2d 406 (Tex.Crim.App.1979).
Appellant also argues under this ground of error that a video tape introduced into evidence was identified as that of Arturo Hernandez and was not shown to be that of appellant Arturo Chaires. Even if the trial court could not determine that the man on the video tape and appellant were the same person, which we believe the trial court could, the evidence would still be sufficient to support the revocation based on the officer’s above testimony. The evidence is sufficient and appellant’s fourth ground of error is overruled.
In his sixth ground of error appellant contends that the caption to the 1983 Texas Senate Bill One, which amended the driving while intoxicated statute, violates Article III, Section 35 of the Texas Constitution since it fails to provide adequate notice of the major changes contained in the statute. TEX.REV.CIV.STAT.ANN. art. 6701/ —1 (Vernon Supp.1985). Appellant did not raise the issue of the constitutionality of the statute in the trial court. Although the Courts of Appeals have divided as to whether the constitutionality of a statute may be raised for the first time on *399 appeal, Moore v. State, 672 S.W.2d 242 (Tex.App.-Houston [14th Dist.] 1983, no pet.) (holding challenge will be reviewed for the first time on appeal), James v. State, 635 S.W.2d 653 (Tex.App.-Fort Worth 1982, no pet.) (holding waiver of challenge if raised for first time on appeal), the better rule is that such issues will not be considered unless raised in the courts below. See Noel v. State, No. 827-83 (Tex.Crim.App. March 14, 1984) (not yet reported). Even if the error had been preserved, we note that the statute has already been challenged and found not to violate Article III, Section 35 of the Texas Constitution. Forte v. State, 686 S.W.2d 744 (Tex.App.-Fort Worth 1985, no pet.). Appellant’s sixth ground of error is overruled.
In his seventh ground of error appellant contends the trial court erred in overruling his motion to quash the State’s application to revoke because the State failed to allege (1) what type of vehicle appellant was driving, (2) the location in the county of where appellant allegedly drove the vehicle, (3) which specific terms of probation condition “a” were violated, and (4) the public highway where appellant allegedly drove the vehicle. In McElroy v. State, 154 Tex.Cr.R. 20, 224 S.W.2d 715 (1949), the Court of Criminal Appeals held that a charging instrument did not have to describe the vehicle driven. Likewise, the road does not have to be specified. McDonald v. State, 163 Tex.Cr.R. 244, 289 S.W.2d 939 (1956); Rincon v. State, 615 S.W.2d 746 (Tex.Crim.App.1981). Appellant’s other assertions are also without merit. A motion to revoke probation need simply give fair notice of the violation involved. LaBelle v. State, 692 S.W.2d 102 (Tex.Crim.App.1985). The allegation in the State’s motion to revoke more than adequately apprises appellant of the grounds for the revocation. Appellant’s seventh ground of error is overruled.
In his eighth ground of error appellant contends that the allegation in the motion to revoke should have included an allegation of intentionally or knowingly driving while intoxicated. The Court of Criminal Appeals has already held, however, that a culpable mental state is not a requisite for charging the offense of driving while intoxicated. Honeycutt v. State, 627 S.W.2d 417 (Tex.Crim.App.1981). Assuming arguendo that a mental state needed to be alleged, the allegation in the motion to revoke sufficiently informs appellant that the State desires to revoke his probation for the offense of driving while intoxicated.
As stated in LaBelle, 692 S.W.2d 102, 105 n. 2, with regard to the sufficiency of notice provided by a motion to revoke probation, “this Court has held that the motion need not allege all the elements of an offense, even in the face of a motion to quash, if the defendant is provided with fair notice of the allegation against him. See Leyva v. State, 552 S.W.2d 158 (Tex.Crim.App.1977).” Appellant’s eighth ground of error is overruled. The judgment of the trial court is AFFIRMED.